```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


LESTER ZEIGLER AND INSPEQ              CIVIL ACTION
SERVICES, LLC

VERSUS                                 NO: 10-2956

THE HOUSING AUTHORITY OF NEW           SECTION: J(2)
ORLEANS, ET. AL.
```

### ORDER AND REASONS

Before the Court are Plaintiffs' **Motion to Remand (Rec. Doc. 57)** and Defendant Mir, Fox & Rodriguez, P.C.'s, ("Mir Fox") **Memorandum in Opposition (Rec. Doc. 64)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Under the United States Housing Act, public-housing authorities throughout the country receive congressionally-appropriated funding through the U.S. Department of Housing and Urban Development ("HUD"). Defendant the Housing Authority of New Orleans ("HANO") is a public-housing authority that provides housing to low-income families in the City of New Orleans and receives federal funding through HUD for its Housing Choice

1

Voucher Program ("HCVP").  In August 2007, HANO hired Plaintiff Inspeq Services, LLC, ("Inspeq") and its agent, Plaintiff Lester Zeigler, to provide inspection services for prospective housing units and units currently under the HCVP.  In August 2009, HANO subcontracted the oversight and management of the HCVP to Defendant Mir Fox, a public accounting firm.  While Mir Fox was managing the HCVP, HUD appointed Defendant Gilmore Kean, LLC ("Gilmore Kean"), a private consulting company, as the Administrative Receiver for HANO.  Gilmore Kean was tasked with performing an organizational and management assessment of all of HANO's functional areas.  Gilmore Kean in turn hired Defendant Edgemere Consulting Corporation ("Edgemere") to assist in preparing the assessment.

On February 17, 2010, Gilmore Kean and Edgemere published their HANO Operational Assessment Report ("Assessment") to HUD, and the Assessment was placed on the HANO website.  In accordance with HUD's mandate, the Assessment outlined the current condition of HANO, as well as its workforce, services, capabilities, and future potential.  The seventy-six-page Assessment mentions Inspeq in a single paragraph while critiquing HANO's administration and management of its outsourced oversight of the HCVP.  The paragraph states that Inspeq did not perform annual

inspections due to a contract dispute with HANO, that Inspeq did not provide timely and complete information to HANO, and that the contract was "officially terminated" in November 2009.

As a result of the paragraph in the Assessment, Plaintiffs filed state court lawsuits against HANO, Mir Fox, Gilmore Kean, and Edgemere, claiming economic damages for defamation and other causes of action. The claims were removed to federal court in September 2010 by Gilmore Kean and Edgemere based on federal question jurisdiction. In November 2010, Plaintiffs reached a settlement agreement with these two defendants, and now Plaintiffs seek to remand their remaining claims against HANO and Mir Fox to state court.

## THE PARTIES' ARGUMENTS

In their Motion to Remand (Rec. Doc. 57), Plaintiffs argue that remand to state court is mandatory because this Court lacks subject-matter jurisdiction over the claims against HANO and Mir Fox. Gilmore Kean and Edgemere were the only two defendants that had a direct contractual relationship with the federal government in order to establish federal question jurisdiction. In contrast, HANO is a state entity, Mir Fox is a contractor of this state entity, all of Plaintiffs' remaining claims are based in Louisiana law, and there is no complete diversity between the

parties.

Defendant Mir Fox opposes remand to state court for three reasons. First, this Court maintained proper subject-matter jurisdiction over all claims at the time of removal, and the dismissal of Gilmore Kean and Edgemere does not divest the Court of jurisdiction over the remaining claims. Second, Plaintiffs' claims against Mir Fox provide a basis for federal question jurisdiction because those claims are subject to federal immunity under the federal officer removal statute through Mir Fox's contractual obligation to work with Gilmore Kean (appointed by HUD). Finally, this Court maintains supplemental jurisdiction over Plaintiffs' claims, even though the claims against Gilmore Kean and Edgemere have been dismissed, based on public policy considerations such as judicial economy, convenience, and fairness.

## DISCUSSION

Under Title 28, United States Code, Section 1367, a district court that has original jurisdiction over a claim also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a) (2010). Whether original subject-matter

jurisdiction exists is determined by examining the complaint at the time the petition for removal was filed, not at the time of the motion to remand.  <u>Addison v. Gulf Coast Contracting Services, Inc.</u>, 744 F.2d 494, 499 (5th Cir. 1984).  Thus, the right to exercise supplemental jurisdiction remains even if the claim through which original jurisdiction was established in the petition for removal has been dismissed.  However, Section 1367 states that a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3) (2010).

In this case, Plaintiffs' claims against Gilmore Kean and Edgemere, the parties with a direct contractual relationship with the federal government, provided the basis for federal question jurisdiction in this Court at the time of removal.  Under Section 1367, the Court also exercised supplemental jurisdiction over Plaintiffs' claims against HANO and Mir Fox, a state entity and a subcontractor of that entity.  With the November 2009 dismissal of Gilmore Kean and Edgemere, the Court maintains supplemental jurisdiction over the remaining state-law claims under Section 1367, but it can also decline to exercise this jurisdiction.  This Court chooses not to exercise supplemental jurisdiction over

Plaintiffs' claims against HANO and Mir Fox.  The remaining defendants are a Louisiana state entity and a subcontractor of that entity, Plaintiffs' claims are based solely in Louisiana state law, and the Court finds that the Louisiana courts are better equipped to resolve this litigation.

Having determined that supplemental jurisdiction under Section 1367 will not apply, Plaintiffs' claims against HANO and Mir Fox will remain in this Court only if original subject-matter jurisdiction exists.  Under Title 28, United States Code, Section 1332, a federal court has original jurisdiction in cases where the parties are completely diverse and the amount in controversy is at least $75,000.  28 U.S.C. § 1332(a) (2010).  In this case, complete diversity does not exist, and the parties do not contend that it does exist.  Plaintiff Inspeq is a Louisiana Limited Liability Company, and Plaintiff Lester Zeigler is domiciled in Louisiana.  Defendant HANO is a political subdivision established under the laws of the State of Louisiana, and Defendant Mir Fox is licensed in the State of Texas and at all times pertinent operating in New Orleans, Louisiana.  Complete diversity between the parties does not exist, so this Court does not have original jurisdiction pursuant to Section 1332.

Under Title 28, United States Code, Section 1331, a federal

court has original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States"—federal question jurisdiction. 28 U.S.C. § 1331 (2010). In this case, Mir Fox argues that this Court has original federal question jurisdiction over Plaintiffs' claims against it because Mir Fox is entitled to federal immunity under the federal officer removal statute. 28 U.S.C. § 1442(a)(1) (2010). Mir Fox contends that it was acting on behalf of HANO pursuant to its contractual obligation to cooperate with HUD-appointee Gilmore Kean to oversee the HCVP, and, as such, it was acting under a federal officer and entitled to federal immunity. The Court finds this argument too attenuated to establish federal question jurisdiction. Mir Fox was a subcontractor for HANO, a Louisiana entity, and, even though it was overseeing a federally-funded program, it had no contractual relationship with the federal government and was not acting under a federal officer. Regarding Plaintiffs' claims against Mir Fox, the Court does not find that federal question jurisdiction exists under the federal officer removal statute. Moreover, HANO has not filed opposition to Plaintiffs' Motion to Remand (Rec. Doc. 57) in order to assert any basis for federal question jurisdiction over the claims against it, and the Court finds that federal question does not

exist for the state-law claims against this state entity.

Considering the foregoing, this Court finds that Plaintiffs' **Motion to Remand (Rec. Doc. 57)** is **GRANTED**, and this matter is **REMANDED** to the Civil District Court, Parish of Orleans.

New Orleans, Louisiana, this 4th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE